UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STEPHEN ROBINSON,                          )
                                            )
         Petitioner,                        )
                                            )
v.                                          ) Civil No. 09-233-P-S
                                            )
WARDEN, NORTHERN NH                         )
CORRECTION FACILITY                         )
                                            )
         Respondent.                        )


**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Stephen Robinson has filed a 28 U.S.C. § 2254 petition challenging the process he

received apropos his extradition from Maine to New Hampshire as a consequence of

probation violations pertaining to a New Hampshire conviction.  I entered an order

indicating that  because of the way Robinson filed this action it was difficult to determine

whether or not he intended to pursue a habeas corpus petition or a civil rights action.

Robinson has responded to that order expressing his intent to proceed with a habeas

petition on the claim he presented to the Maine Supreme Court reflected in his

attachments. (See Doc. No. 4.) In this response Robinson also indicates that he is in the

process of obtaining the necessary information from the correctional facility to complete

his application to proceed in forma pauperis.  I now provisionally grant Robinson in

forma pauperis status.

Robinson did appeal the extradition determination to the Maine Law Court.  I

have read his lengthy brief to that tribunal in which he argues that the Maine law

enforcement personnel and the Maine Superior Court did not follow the Interstate

Commission for Adult Offender Supervision rules vis-à-vis his extradition.  His theory is

that these rules preempt Maine's "Uniform Criminal Extradition Act, <u>see</u> 15 M.R.S.

§ 201 et seq., which guided the Superior Court in his case.  In denying Robinson a

certificate of probable cause the Maine Law Court ruled:

> The Court has reviewed the judgment entered in the Superior
> Court, and has fully considered the petition and its request for a certificate
> of probable cause, as well as the accompanying memorandum.  The
> petitioner contends that the District Court erred or exceeded its discretion
> in failing to abide by the Interstate Compact for adult offender
> supervision, 34-A M.R.S. § 9888 (2008), and not allowing him to present
> evidence of the State's statutory and procedural violations, and ordering
> his extradition.  Based on our review, we determine that no further hearing
> or other action is necessary for a fair disposition of this matter.

(Doc. No. 1-3 at 1.)

> With respect to this court's 28 U.S.C. § 2254 review,  Congress has provided:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim--
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable
>        application of, <u>clearly established Federal law, as determined by the
>        Supreme Court of the United States</u>.

28 U.S.C. § 2254(d)(1) (emphasis added).   There is no United States Supreme Court case

that even mentions the "Interstate Commission for Adult Offender Supervision" let alone

discusses the Commission's rules in a manner that would open up the door to a

§ 2254(d)(1) analysis of Robinson's Article IV, Fourth, Eighth, and Fourteenth

Amendment challenges to his extradition.  See <u>Myers v. Davenport</u>, No. 2:06-cv-247,

2006 WL 2645202, 1 -2 (S.D. Ohio Sept. 14, 2006).[1]

Accordingly I recommend that the petition be summarily dismissed pursuant to

Rule Governing Section 2254 Proceedings 4 because, on the face of the petition and the

---

[1]      Robinson is not making a <u>Michigan v. Doran</u>, 439 U.S. 282 (1978) challenge to his extradition and
if he intended to do so he certainly did not present an argument to the Maine Law Court that the state court
failed to properly undertake the four-facet analysis described therein. See <u>Burdick v. Maine Attorney
General</u>, 244 F.Supp.2d 1, 2 -5 (D. Me. 2002).

exhibits submitted by Robinson, he does not state a cognizable 28 U.S.C. § 2254(d)

claim.

### *Conclusion*

For the reasons above I recommend that the Court summarily dismiss Robinson's

28 U.S.C. § 2254 petition.  I further recommend that a certificate of appealability should

not issue in the event Robinson files a notice of appeal because there is no substantial

showing of the denial of a constitutional right within the meaning of 28 U.S.C.

§ 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

|  |  |
|---|---|
|  | /s/ Margaret J. Kravchuk |
| June 18, 2009 | U.S. Magistrate Judge |

3